## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

NORTHWEST CROSS, INC., a Nevada
corporation,

                Plaintiff,

-vs-                                        Case No. 2:10-cv-171-FtM-36SPC

NORTHWEST CROSS, INC., a Florida corporation
and GEORGE F. GRANER, individually,

                Defendants.
_____

### ORDER

      This matter comes before the Court on Defendant's Request for an Extension of Time to Seek Legal Representation (Doc. #57) filed on August 11, 2010. Corporate Defendant Northwest Cross, Inc. requests additional time to find legal representation. George F. Graner represents himself as an individual Defendant *pro se* and is the Chief Executive Officer and Director of Defendant Northwest Cross, Inc.

      As the Court previously advised Graner in its Order to Show Cause dated July 18, 2010 (Doc. #47) and its Order dated July 27, 2010 (Doc. #54), under Local Rule 2.03(d), a corporation may appear and be heard **only through counsel** admitted to the Court pursuant to Local Rule 2.01 or 2.02. The rule is well established that a corporation is an artificial entity that can only be represented through its agents. Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985). It cannot appear in judicial proceedings *pro se* but must instead be represented by licensed counsel. Id. The general rule that corporations must be represented by an attorney in judicial actions applies even where the person seeking to represent the corporation is its president and/or major stock holder. Id. Therefore,

Graner is **not allowed** to represent Defendant Northwest Cross, Inc. The corporation must obtain counsel to represent it.

The Court previously directed Defendant Northwest Cross, Inc. to show cause why default should not be entered against it for failure to obtain counsel by July 30, 2010 (Doc. #47). The Court granted Defendant Northwest Cross, Inc. until August 15, 2010 to obtain counsel or show cause why default judgment should not be entered against it for failure to do so. The Court construes the instant Motion as a response to the Order to Show Cause. The Court will grant Defendant Northwest Cross, Inc. an additional 30 days until September 13, 2010 to obtain counsel. Failure to do so could result in default judgment being entered against the corporation. Accordingly, it is now

**ORDERED:**

(1) Defendant's Request for an Extension of Time to Seek Legal Representation (Doc. #57) is **GRANTED**. The Court will grant Defendant Northwest Cross, Inc. additional time until **September 13, 2010** to obtain counsel. Failure to do so could result in default judgment being entered against Defendant Northwest Cross, Inc. Graner is not allowed to represent the corporate Defendant *pro se*.

(2) The Court **reserves ruling** on Plaintiff Northwest Cross, Inc.'s Motion for Entry of Default as to Liability Against Defendant Northwest Cross, Inc. (Doc. #46).

(3) The Court at this time considers George F. Graner as proceeding *pro se.*

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of August, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record